## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**FREDERICK HOLLOWAY**                                                      **PLAINTIFF**

**V.**                                  **No. 4:22-CV-00455 KGB-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                                  **DEFENDANT**

### RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine Baker. Either party may file objections to this Recommendation. Objections should be specific and must include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you don't object, you risk waiving the right to appeal questions of fact and Judge Baker can adopt this Recommendation without independently reviewing the record.

### I.      Background

Mr. Frederick Holloway filed an application for social security benefits due to a heart condition. *Tr. 63, 237.*

Mr. Holloway's claim was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") held a telephonic hearing on April 14, 2021, where Mr. Holloway appeared with his lawyer, and the ALJ heard testimony from Mr. Holloway and a vocational expert ("VE"). *Tr. 12.* The ALJ issued a decision on

May 25, 2021, finding that Mr. Holloway was not disabled. *Tr. 9-23*. The Appeals Council denied Mr. Holloway's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3*.

Mr. Holloway, who was forty-four years old at the time of the hearing, has a high school education, and has past relevant work experience as a commercial cleaner. *Tr. 21, 42, 54*.

## II.    The ALJ'S Decision[1]

The ALJ found that Mr. Holloway had not engaged in substantial gainful activity since March 29, 2020, the alleged onset date. *Tr. 15*. He concluded that Mr. Holloway has the following severe impairments: (1) valvular heart disease including atrial fibrillation, mitral regurgitation; and (2) valvular morphology consistent with rheumatic disease. *Id*. However, the ALJ concluded Mr. Holloway did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g); 20 C.F.R. § 416.920(a)-(g).

According to the ALJ, Mr. Holloway had the residual functional capacity ("RFC") to perform light work, with the following limitation: only occasional exposure to humidity, wetness, extreme heat or cold, dust, odors, fumes, and pulmonary irritants. *Tr. 16*.

In response to hypothetical questions incorporating the above limitations, the VE testified that a significant number of potential jobs were available in the national economy that Mr. Holloway could perform, including marker, small products assembler, and office helper. *Tr. 22-23, 55*. Accordingly, the ALJ determined that Mr. Holloway was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015).

The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.    Mr. Holloway's Arguments for Reversal

Mr. Holloway contends that the Commissioner's decision is not supported by substantial evidence, because the ALJ erred in: (1) the RFC determination; (2) relying on the state agency consultants' opinions given before January and March 2021; (3) failing to consider a treating physician's assessment form; and (4) using the incorrect standard of proof. He also alleges that the Social Security Administration's regulations on determining disability are unconstitutional. *Doc. 15 at 9-28*. After carefully reviewing the record as a whole, the undersigned recommends affirming the Commissioner.

### C.    Analysis

#### 1.    RFC

Mr. Holloway argues that the ALJ erred by finding that he could perform light work. *Id. at 9*. Mr. Holloway contends he is unable to perform light work because he had an ejection fraction of 25%-30% on January 7, 2021. *Doc. 15 at 9*. However, that "study was performed when patient was in atrial arrhythmia, so both ventricular function and prosthetic valve assessment may not represent true status in sinus rhythm." *Tr. at 1293*. In other words, the reading was taken when Mr. Holloway

presented to the emergency room in acute distress on January 7, 2021. Based on the record as a whole, this was an isolated incident. *Tr. at 1237*. For Mr. Holloway to qualify as disabled based on this impairment, "[a]n ejection fraction of thirty percent or less must be <u>during a period of stability</u> (not during an episode of acute heart failure)." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 4.02(A)(1) (emphasis added).

Mr. Holloway had an ejection fraction of 60% a year earlier, when he was not in acute heart failure. *Tr. at 653*. A few months after the isolated event in January 2021, Mr. Holloway had a DCCV ("Direct Current Cardioversion") performed by Dr. John Mounsey during his admission to the hospital for Dofetilide loading. *Id. at 1196*. After the DCCV procedure, he was restored to a normal sinus rhythm. *Id. at 1200*. On April 3, 2021, at the time of discharge, Mr. Holloway's condition was noted as good, his QT/QTc interval remained within normal limits, and the Dofetilide loading was well tolerated. *Id. at 1214-1215*. Mr. Holloway "has the burden to offer evidence necessary to make a valid decision about [his] claim." *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2007). Nothing in the record indicates that Mr. Holloway continued to have an ejection fraction of 25%-30% after the isolated event on January 7, 2021.

The ALJ's finding that that Mr. Holloway can perform light work, with some environmental restrictions, is consistent with the medical record. *Tr. at 16, 21*. Mr. Holloway argues the ALJ is incorrect and cites Dr. Mounsey's finding that he

"cannot lift any object heavier than twenty lbs." *Id. at 583*. However, light work "[i]nvolves lifting no more than 20 pounds at a time, with frequent lifting or carrying of objects weighing up to 10 pounds." *See* 20 C.F.R. 404.1567 and 416.967, and SSR 83-10. Therefore, the ALJ's  RFC light work RFC is consistent with Dr. Mounsey's findings.

The Eighth Circuit has held that, "[b]ecause a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some of medical evidence of the claimant's ability to function in the workplace. However, there is no requirement that an RFC finding be supported by a particular medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (internal citations and quotations omitted). Mr. Holloway's RFC was supported by evidence in the record from both before and after his January 2021 emergency room visit.

The ALJ also reviewed Mr. Holloway's opinion regarding his physical abilities. In a "Claimant's Report of Functional Limitations" form, Mr. Holloway stated he can lift more than 10 pounds (but not more than 20 pounds), walk one hundred steps a day, and make a sandwich or put a pizza in the oven. *Tr. at 255, 259*. The ALJ should consider, "all the evidence in the record" in determining RFC, including "the medical records, observations of treating physicians and others, and including an individual's own description of his limitations." *Krogmeier v. Barnhart*, 294 F.3d at 1024 (8th Cir. 2002) (citing *McKinney v. Apfel*, 228 F.3d 860,

863 (8th Cir. 2000)). A claimant's RFC represents the most he can do despite the combined effects of all his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). The ALJ properly relied on various parts of the record, including Mr. Holloway's physician's notes, treatment plan, and his own statements, showing that Mr. Holloway's subjective complaints were inconsistent with his actual abilities. *Tr. 15-20*.

### 2. State Agency Consultants

Mr. Holloway argues that the state agency consultants did not have his medical records from January and March of 2021 when making their findings. Both state agency medical consultants, Cheryl Snyder, MD and Judith Forte, MD, recognized that when Mr. Holloway went for a follow-up appointment on July 1, 2020, after his April 7, 2020 mitral valve replacement surgery, he reported he was doing well, experiencing no shortness of breath, and having only mild chest wall pain. *Tr. at 67, 100*. "Impairments that are controllable or amenable to treatment do not support a finding of total disability." *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999).

It is true that, at the time of their assessments, neither consultant had Mr. Holloway's medical records from January and March 2021. However, the ALJ reviewed the record as a whole and found their assessments persuasive, noting Mr. Holloway's "[m]inimal positive findings on clinical examinations and updated

testing." *Id. at 21*. "An ALJ may also assign significant weight to the opinion of a state agency medical consultant who did not have access to all of the records, so long as the ALJ conducts an independent review of the evidence and takes into account the portions of the record the consultant had not considered." *Angela S v. Kijakazi*, No. 20-2566, 2022 WL 2959947, at *3 (citing *Kuikka v. Berryhill*, No. 17-CV-374 (HB), 2018 WL 142482 (D. Minn. Mar. 15, 2018)). The ALJ's analysis specifically considered Mr. Holloway's records from his emergency room visit in January 2021, records from March 2021, and the "generally normal findings noted on clinical examinations." *Id. at 20*. Accordingly, Mr. Holloway's argument is meritless.

### 3.    Treating Physician's Assessment

Mr. Holloway contends that the ALJ did not consider an April 23, 2021 assessment form by his treating provider, APRN Andrea Barnes. *Doc. 15 at 13*. Mr. Holloway's disability hearing was held on April 14, 2021. *Tr. at 12*. Mr. Holloway had an appointment with APRN Barnes on April 20, 2021, six days after his hearing. He asserts that the form was not available at the time of the hearing, "[b]ecause he was not aware of the providers willingness to complete the form at that time." *Doc. 15 at 13*. Social Security rules provide that:

> When you submit your request for a hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence as required in § 404.1512, no later than five business days before the

date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.

20 C.F.R. § 404.935.

The ALJ considered evidence that was not previously in the record. *Tr. at 12*. He referenced updated treatment records from UAMS that were submitted on the day of the hearing. The ALJ was notified of these additional records in the Five Day Letter submitted on claimant's behalf dated April 7, 2021 and they were used as evidence when considering Mr. Holloway's application for benefits. *Id*. At the hearing, Mr. Holloway's lawyer stated the record was complete. *Tr. 38, 57-58.*

Mr. Holloway asserts the Commissioner should have not only accepted APRN Andrea Barnes' assessment, but also should have given it "significant consideration" because she is a treating provider. *Doc. 15 at 14*. Both arguments fail.

Mr. Holloway is correct that there is an exception for evidence submitted after the hearing but before the ALJ makes a final decision. The Code of Federal Regulations has several exceptions that allow late evidence to be submitted and considered by the ALJ. 20 C.F.R. § 404.935(b). Mr. Holloway argues he met Section (b)(iv)'s exception, applicable when a claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than five business days prior to the hearing." 20 C.F.R. § 404.935(b)(iv); *Doc. 15 at 13-14*.

Although the Assessment was completed and returned by APRN Barnes on April 23, 2021, the ALJ did not get it until May 14, 2021, one month after the hearing. This unexplained delay does not establish the required diligence to trigger the exception.

Mr. Holloway also objects to the ALJ not giving the Assessment "significant consideration." *Doc. 15 at 14*. However, had the assessment been considered, it would not require a different decision. "It is well established that an ALJ may grant less weight to a treating physician's opinion . . . when that opinion conflicts with other substantial medical evidence contained with the record." *Prosch v. Apfel*, 201 F.3d 1010, 1013-14 (8th Cir. 2000). "The opinion of a treating physician, however, does not automatically control; nor does it eliminate the need to evaluate the record as a whole." *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015) (quoting *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001)). Finally, "[a]n ALJ may discount or disregard the opinion of a treating physician when other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of the opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010). Though APRN Barnes is one of Mr. Holloway's treating providers, her opinion does not outweigh the other evidence in the record as a whole. There is significant evidence in the record that supports the ALJ's decision that Mr. Holloway is not disabled.

### 4.    Standard of Review

Mr. Holloway argues the ALJ failed to use the appropriate standard of proof when denying benefits. *Doc. 15 at 21*. He contends the appropriate standard is the preponderance of the evidence. *Id*. This argument is without merit

The Social Security Administration, through the ALJ, uses the substantial evidence standard. "Substantial evidence in the record as a whole" is a more "rigorous" standard than simply "substantial evidence," which is "evidence that a reasonable mind might accept as adequate to support the [ALJ's] determination." *Id*. Substantial evidence is "less that a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (quoting *Kluesner v. Astrue*, 607 F.3d at 536 (8th Cir. 2010)). The ALJ must "consider the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." *Id.* "The Court may not reverse the Commissioner's decision simply because substantial evidence supports a contrary decision." *Woolf v. Shalala*, 3 F.3d 1210, 113 (8th Cir. 1993). The ALJ correctly used the substantial evidence standard here.

### 5.    Social Security Regulations are Unconstitutional

Mr. Holloway's final argument is that the regulations for determining disability are "unconstitutionally vague and leave a constitutional excessive amount of discretion to decision makers." *Doc. 15 at 25*. He further opines that the ALJ's

terms such as, "mild," "moderate," "marked," and "extreme," are too vague and are not defined enough to ensure the same descriptions across many providers, consultants, and psychologists. *Id*. Mr. Holloway's argument that "the Social Security Administration's regulations and policies are unconstitutional," fails for lack of standing because he "does not allege any facts explaining how those issues caused the adverse ALJ decision in her case, or how a favorable decision in [his] claim for benefits would redress these alleged constitutional deficiencies." *Jordan v. Kijakazi*, No. 22-2843, 2023 WL 2733485 (8th Cir. March 31, 2023).

## IV.   CONCLUSION

The ALJ applied proper legal standards in evaluating Ms. Holloway's claims, and substantial evidence supports the decision to deny benefits.

The Court should affirm the decision and enter judgment in favor of Defendant.

Dated 1 May 2023.

_____
UNITED STATE MAGISTRATE JUDGE